essentially treating the multiple convictions as one. Thus, even if the Mail Fraud conviction no longer remained, the Travel Act conviction would be intact. Furthermore, even if the separately charged Mail Fraud and Travel Act counts constituted the basis for the RICO conviction, as the Travel Act conviction itself embraces two crimes, the RICO conviction also remains intact.

Having failed to carry his burden on three of the four required elements, a writ of error *coram nobis* is unavailable to Defendant Walgren.

Neither may defendant be granted a new trial as jurisdiction to address this motion has lapsed, and Defendant Walgren has made a wholly inadequate showing in any event.

Accordingly, Defendant Walgren's motions to vacate convictions and for a new trial are DENIED.

The Clerk of the Court shall send uncertified copies of this Order to the Honorable John L. Weinberg, United States Magistrate and counsel of record.

## JOURNAL ENTRY

ROGERS, District Judge.

NOW, on this 16th day of September, 1988, comes on for hearing the joint motion of the parties that this action be dismissed and the previous findings of this Court, Journal Entries, Orders and verdict entered in this action be set aside and that this action be dismissed with prejudice. The plaintiff appears by her attorney Fred W. Phelps, Jr. and the defendant appears by its attorney Grant M. Glenn.

Upon statements of counsel, and for good cause shown, it is by this Court found that the parties have reached a settlement agreement.

Upon agreement of the parties and for good cause shown it is hereby found that the jury's verdict of November 29, 1984, this Court's Memorandum and Order of July 30, 1985, the judgment of July 30, 1985, the Memorandum and Order of March 20, 1986, the Order of April 2, 1986 and all other orders and findings of the Court in this action are hereby and forever set aside and treated as a nullity.

FURTHER, that this action is dismissed with prejudice with each party bearing her or its own costs.

IT IS SO ORDERED.

---

**Betty COMMONS, Plaintiff,**

v.

**MONTGOMERY WARD & COMPANY, INC., Jim Fleshman and Grace Patterson, Defendants.**

Civ. A. No. 83–4119.

United States District Court, D. Kansas.

Sept. 16, 1988.

Fred W. Phelps, Jr., Phelps, Chartered, Topeka, Kan., for plaintiff.

Grant M. Glenn, Cosgrove, Webb & Oman, Topeka, Kan., for defendants.

---

**Kenneth W. LESLIE, Plaintiff,**

v.

**Otis BOWEN, Secretary of Health and Human Services.**

No. 88–1441–C.

United States District Court, D. Kansas.

Sept. 29, 1988.